# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> RAYMOND CORTEZ, <br><br> Defendant. | No. 12-CR-74-LRR <br><br> **ORDER** |

_____

## I. INTRODUCTION

The matter before the court is Defendant Raymond Cortez's "Motion in Limine" ("Motion") (docket no. 22).

## II. RELEVANT PROCEDURAL HISTORY

On November 8, 2012, the government filed a Superseding Indictment ("Indictment") (docket no. 14) against Defendant. The Indictment charges Defendant with willfully and knowingly making materially false, fictitious and fraudulent statements and representations in a matter within the jurisdiction of the United States Postal Inspection Service in violation of 18 U.S.C. § 1001(a)(2).

On November 15, 2012, Assistant United States Attorney Peter E. Deegan, Jr. notified the court that the parties had entered into a plea agreement. *See* Rule 11 Letter (docket no. 18). The court scheduled a change of plea hearing for November 16, 2012. At the change of plea hearing, Defendant decided not to plead guilty and the case was set for trial.

On November 26, 2012, Defendant filed the Motion. On November 30, 2012, the government filed a Resistance (docket no. 24). On December 3, 2012, the court held a Final Pretrial Conference, during which it heard argument on the Motion. The Motion is fully submitted and ready for decision.

### *III. ANALYSIS*

In the Motion, Defendant asks the court to exclude: (1) "[e]vidence and/or testimony regarding Defendant's involvement in any business dealings related to Rightway Enterprises, Jumpstart funds, or any other matter arising from loans obtained from First Federal Credit Union"; (2) "the signed plea agreement dated November 7, 2012"[1]; and (3) "[e]vidence and/or testimony regarding Defense Counsel's appointment via . . . Defendant's indigent status." Motion at 1.

In its Resistance, the government states that it does not intend to introduce evidence or comment on Defendant's involvement with Rightway Enterprises, Jumpstart funds or the loans obtained from First Federal Credit Union. Moreover, the government states that it does not intend to introduce evidence or comment on Defendant's indigent status. Accordingly, the court shall grant the Motion insofar as it seeks to exclude such evidence.

Thus, the only remaining issue is whether the government may introduce the factual stipulation contained in the November 7, 2012 plea agreement. Pursuant to Federal Rule of Evidence 410:

> In a civil or criminal case, evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions:
>
> . . . .
>
> (4)  a statement made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea or they resulted in a later-withdrawn guilty plea.

Fed. R. Evid. 410(a). As Defendant acknowledged in his Brief in Support of the Motion (docket no. 22-1) and at the Final Pretrial Conference, United States Supreme Court and

---

[1] The plea agreement is attached to the government's Resistance as Government Exhibit 1 (docket no. 24-2). The court notes that the plea agreement is dated November 7, 2012, and the parties signed the agreement on November 9, 2012.

Eighth Circuit Court of Appeals precedent establishes that a defendant may waive his or her Rule 410 right. *See United States v. Mezzanatto*, 513 U.S. 196, 210 (1995) ("We hold that absent some affirmative indication that the agreement was entered into unknowingly or involuntarily, an agreement to waive the exclusionary provisions of the plea-statement Rules is valid and enforceable."); *United States v. Quiroga*, 554 F.3d 1150, 1154 (8th Cir. 2009) ("Under Rule 410, statements made in the course of plea negotiations are inadmissible against the defendant. This right of the defendant, however, is waivable by agreement, unless there is 'some affirmative indication that the agreement was entered into unknowingly or involuntarily.'" (quoting *United States v. Young*, 223 F.3d 905, 909-10 (8th Cir. 2000))).

In this case, Defendant entered into a plea agreement with the government. He signed the agreement and initialed every paragraph, including the following:

> Defendant has been advised by [D]efendant's attorney of [D]efendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Defendant waives these rights and agrees [that the factual] stipulation may be used against [D]efendant at any time in any proceeding should [D]efendant violate or refuse to follow through on this plea agreement, regardless of whether the plea agreement has been accepted by the [c]ourt.

Plea Agreement, Government Exhibit 1 at 2. Defendant also initialed paragraphs of the plea agreement stating that his counsel provided competent representation and that Defendant entered into the plea agreement freely and voluntarily. *Id.* at 8. The court finds no "affirmative indication that the agreement was entered into unknowingly or involuntarily."[2] *Mezzanatto*, 513 U.S. at 210. Accordingly, the court finds that

---

[2] At the Final Pretrial Conference, defense counsel stated that Defendant is "illiterate" and suggested that, although defense counsel thoroughly reviewed the plea agreement with Defendant, Defendant may not have understood that he was waiving his Rule 410 right. Defendant offered no evidence to support such a claim, and the court finds

(continued…)

3

Defendant waived his Rule 410 right and, consequently, the factual stipulation in the November 7, 2012 plea agreement is admissible against Defendant at trial.

In his Brief in Support of the Motion, Defendant alternatively requests that, if the court finds that the factual stipulation is admissible, the court also find that the sentencing recommendation in the plea agreement is admissible. The sentencing recommendation is contained in Paragraph 10(C) of the plea agreement and provides: "Assuming the [c]ourt applies a reduction for acceptance of responsibility under USSG §3E1.1(a), the government agrees not to resist [D]efendant's request for a sentence of probation." Plea Agreement, Government Exhibit 1 at 4. For the reasons stated by the government in its Resistance and for the reasons stated during the Final Pretrial Conference, the court finds that the sentencing recommendation in the plea agreement is not admissible.

Thus, the court shall deny Defendant's Motion to the extent it requests that the court exclude the factual stipulation in the plea agreement or, alternatively, that the court admit the sentencing recommendation in addition to the factual stipulation. Accordingly, Government's Proposed Exhibit 5, as provided to Defendant and the court during the Final Pretrial Conference, is admissible at trial. As the court noted during the Final Pretrial Conference, this ruling is not intended to foreclose Defendant from seeking to introduce other evidence regarding his understanding of the plea agreement. The court shall address any objections to such evidence at trial.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion in Limine (docket no. 22) is **GRANTED IN PART** and **DENIED IN PART**. The parties must not directly or

---

[2](…continued)
that it is without merit. *See United States v. Swick*, 262 F.3d 684, 687 (8th Cir. 2001) ("Other than his conclusory statements, [the defendant] has not provided an affirmative indication that his plea was unknowing or involuntary, and therefore, we hold that his agreement to waive [his Rule 410 right] is enforceable.").

indirectly refer to or elicit answers from witnesses on the prohibited subjects. Each party is charged with the responsibility of cautioning its witnesses as to the substance of this Order. If during the presentation of evidence a party believes that a prohibited subject has become relevant, the party may request an opportunity to argue relevance outside the presence of the jury.

**IT IS SO ORDERED**.

**DATED** this 7th day of December, 2012.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA